IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MICHAEL BLAINE FAULKNER**                                                                 **PETITIONER**
Reg #03829-078

v.                                          Case No: 2:23-cv-00210-LPR

**C. GARRETT,**
*Warden, FCI Forrest City Medium*                                                            **RESPONDENT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 11) and the Petitioner's Objections (Doc. 12). After a *de novo* review of the RD and careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice and the requested relief is DENIED. Petitioner's Motion for a Scheduling Order for Evidentiary Hearing and Time to Propound Discovery (Doc. 9) is DENIED. A certificate of appealability will not issue.

---

[1] Petitioner filed the Petition *pro se*. Then, a lawyer entered an appearance on behalf of Petitioner about a week before the Warden filed his Response to the Petition. Among other arguments in the Petitioner's Objections to the RD, Petitioner contends that he was unable to file a Reply in this matter because the BOP prevented his attorney from communicating with him for several months. *See* Doc. 12 at 1–3. Petitioner appears to be arguing (in some form) that the denial of communication (and the consequent inability to file a Reply) violated his due process rights. But nearly six months elapsed between the filing of the Warden's Response to the Petition and the filing of the RD, and during that time Petitioner's counsel never asked for an extension of time to file a Reply (or an Amended Petition) or otherwise evinced an intent to file a Reply (or Amended Petition). In any event, the Court agrees with the RD that the DHO's decision in this case is supported by sufficient evidence, so no further briefing (nor an Amended Petition) is necessary. The same goes for Petitioner's request for discovery and evidentiary hearing. Even if Petitioner's allegations were proven true, they would not alter the fact that the evidentiary record sufficiently supports the DHO's decision. This Court does not review whether the DHO's decision was actually correct or not, but rather whether there was sufficient evidence to support it.

2

IT IS SO ORDERED this 28th day of August 2024.

                                                  _____

                                                  LEE P. RUDOFSKY
                                                  UNITED STATES DISTRICT JUDGE